■ The People of the State of New York, Respondent, v George Cabrera, Appellant. [624 NYS2d 152] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered March 27, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

Defendant's claim that he was deprived of a fair trial when the court simultaneously conducted a bench trial with respect to his codefendant, with the intent that his codefendant would take a plea at the conclusion of the People's case, is unpreserved for review by this Court (CPL 470.05 [2]), and we decline to review it in the interest of justice. If we were to review it, we would find that defendant's trial was not a "sham" and he was not prejudiced by the court's proper exercise of its discretion with respect to the procedure utilized in this case (see, People v Ricardo B., 73 NY2d 228, 232-233). The trial court instructed the jury that in the interest of judicial economy, the codefendant's case would be decided by the court while the jury would render a verdict as to defendant, and admonished the jury not to speculate regarding the reasons for this arrangement; cocounsel actively participated in the trial; and the codefendant did not waive his right to a verdict by the court and enter a guilty plea until after the conclusion of summations by defendant and the prosecutor. Nor did the People utilize codefendant's status as a means to present any evidence which would have been excluded had defendant been on trial alone.

We have considered defendant's remaining contention and find it to be without merit. Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Williams, JJ.